**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMUNA REAL ESTATE, LLC, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-mc-00050** |
| | : | |
| **PRATPAL BAGGA, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                    **January 22    , 2007**

In February 2006, Plaintiffs Marvin Krasny, Chapter 7 Trustee of United Management

Services ("United Management") and Jamuna Real Estate LLC ("Jamuna"), Gary Seitz, Chapter

7 Trustee of Bagga Enterprises, Inc. ("Bagga Enterprises"), and Florida Receivables Trust

("Florida Receivables") (collectively, "Plaintiffs") commenced an adversary proceeding against

Defendants Pratpal Bagga, Khushvinder Bagga, Ravinder Chawla, Hardeep Chawla, Welcome

Group, Inc. ("Welcome Group"), K&P Real Estate LLC, Word Apparel Products, Inc., American

Merchandise Co., Inc., 21st Century Restaurant Solutions, Inc., Brand Trade, Inc., HB Properties,

Inc., HB Properties LLP, and Sant Properties (collectively, "Defendants"), debtors in a Chapter 7

proceeding currently pending in the Bankruptcy Court for the Eastern District of Pennsylvania.

Now before the Court is Defendants' Motion to Withdraw the Reference.  For the reasons that

follow, the Motion will be denied.

**I.      Procedural Background**

In April 2002, Florida Receivables brought an action against the Welcome Group, Bagga

Enterprises, Inc., Jamuna, and United Management, seeking to enforce default judgments for a

series of unpaid loans.  See FL Receivables Trust 2002-A v. Bagga Enterprises, Inc., et al., No.

1

02-2080 (E.D. Pa. filed Apr. 12, 2002) (the "Collection Action").  In September 2003, Florida

Receivables commenced a second action against Defendants, alleging violations of the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"), conspiracy to

violate RICO, fraudulent transfer, and conversion.  See FL Receivables Trust 2002-A v. Bagga

Enterprises, Inc., et al., No. 03-5108 (E.D. Pa. Filed September 10, 2003).   In a Memorandum

and Order dated March 8, 2005, this Court dismissed the RICO claims without prejudice, finding

that because the Collection Action was still pending against the defendants, the RICO claims

were not ripe for adjudication.

On December 30, 2004, Bagga Enterprises, Jamuna, and United Management filed

voluntary petitions for bankruptcy with the Bankruptcy Court for the Eastern District of

Pennsylvania.   As a result of the bankruptcy filing, the Collection Action was stayed.  Unable to

pursue their claims in this Court, FL Receivables entered into a Joint Prosecution Agreement

with the bankruptcy trustees, and in February 2006 filed an adversary complaint against

Defendants, asserting the same claims it had previously advanced in the September 2003 civil

action.  In March 2006, Defendants moved to withdraw the reference, and this Court remanded to

the Bankruptcy Court to determine which counts of the adversary complaint are core and which

are non-core.[1]

---

[1]     A proceeding may be characterized as "core" "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990) (citations omitted). "Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless 'related to' a bankruptcy case ...[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Selheimer & Co., 319 B.R. 384, 388 (Bkrtcy. E.D. Pa. 2005) (internal quotations omitted).

2

In an Opinion dated December 20, 2006, the Bankruptcy Court determined that Count IV of the adversary complaint, which alleges fraudulent transfer, constitutes a core claim.  See In re Jamuna Real Estate, LLC, 2006 WL 3735372, at *4 (Bkrtcy. E.D. Pa. Dec. 20, 2006) (Raslavich, J.) ("Bankr. Op.").  The Court further determined that the remaining counts, including the RICO counts, are non-core, "related" claims.  Id. at *9.

## II.    Discussion

Defendants contend that the Bankruptcy Court lacks jurisdiction to consider most of the counts in the adversary complaint, thus triggering the mandatory withdrawal provision of 28 U.S.C. § 157(d).[2]  See Defendants' Motion to Withdraw the Reference (hereinafter, "Motion to Withdraw the Reference"), at 16-17. The Bankruptcy Court disagreed, concluding that all of the non-core claims fall within its jurisdiction to consider claims "related to a case under title 11." See 28 U.S.C.  § 157(c)(1).  The Bankruptcy Court is authorized to hear such claims preliminarily and submit proposed findings of facts and conclusions of law for de novo review by the district court.[3]  Id.

---

[2]       28 U.S.C. § 157(d) provides:  "The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added).  Despite the seemingly broad scope of this provision, courts have read it narrowly to require withdrawal "only where resolution of the claims will require "substantial and material" consideration of non-code federal statutes that have more than a *de minimis* impact on interstate commerce." In re Schlein, 188 B.R. 13, 14 (E.D. Pa. 1995).

[3]       28 U.S.C. § 157(c)(1) states: "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters

The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.  See Pacor v. Higgins, 743 F.2d 984 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. V. Petrarca, 516 U.S. 124 (1995); In re Velocita Corp., 169 Fed. Appx. 712,  715 (3d Cir. 2006).  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, 743 F.2d at 994.  In the case at bar, the Bankruptcy Court concluded that each of the non-core claims, including the RICO claims, were "related" because they stood to benefit the bankruptcy estate.  See Bankr. Op. at *9.[4]   This Court agrees that the potential effect of these adversarial claims on the administration of the estate may be substantial, and therefore concurs in the conclusion that the Bankruptcy Court has "related to" jurisdiction over Plaintiffs' claims.

Defendants contend that reference must be withdrawn because the adversary proceeding initiated by Plaintiffs requires substantial consideration of RICO and other non-core claims.  See Motion to Withdraw the Reference at 13-15.  The majority rule is that RICO claims constitute non-core, related proceedings.  Barnett v. Stern, 909 F.2d 973, 979 (7th Cir. 1990); In re Southern Indus. Banking Corp., 67 B.R. 399, 402 (Bkrtcy. E.D. Tenn. 1986).   The mere existence of a RICO claim does not mandate withdrawal.  See In re Cinmar, Inc., 1991 WL

_____

to which any party has timely and specifically objected."

[4]        The Bankruptcy Court concluded that Count IV of the adversary complaint, alleging fraudulent transfer, constituted a core claim.  The following claims were found to be non-core, "related" claims: RICO (Counts I and II); piercing the corporate veil (Counts III, X, and XV); conversion (Count V); Turnover (Counts VI, VII, and VIII); fraud (Count IX); breach of fiduciary duty (Counts XI through XIV).

5893, at *2 (D.N.J. Jan. 16, 1991); In re Adelphi Institute, Inc., 112 B.R. 534, 538 (S.D.N.Y.1990).  In this case, Defendants have failed to carry their burden of demonstrating that Plaintiffs' claims present novel issues or require anything more than an ordinary application of RICO law.  See In re E & S Facilities, Inc., 181 B.R. 369, 372 (S.D. Ind. 1995).

Defendants further argue that reference must be withdrawn because they will demand a jury trial and the Bankruptcy Court cannot conduct such a trial without the parties' consent.  See Motion to Withdraw the Reference at 20.  It is well-settled, however, that the fact that a claim may eventually be tried by a jury does not in itself constitute sufficient cause for immediate withdrawal.  See In re American Classic Voyages Co., 337 B.R. 509, 511 (D. Del. 2006); In re American Capital Equipment, LLC, 325 B.R. 372, 376 (W.D. Pa. 2005); In re Enron Corp., 317 B.R. 232, 234 (S.D.N.Y. 2004).

Having determined that there is no basis for mandatory withdrawal of the reference, the Court must decide whether cause exists for permissive withdrawal.  The factors to be considered include promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering economical use of debtor and creditor resources, and expediting the bankruptcy process.  See In re Pruitt, 910 F .2d 1160, 1168 (3d Cir.1990); In re Winstar Communications, Inc., 2004 WL 2713101, at *2 (D. Del. Nov. 16, 2004).  Given the Bankruptcy Court's broad familiarity with the issues surrounding Defendants' bankruptcy, the fact that the Collection Action previously pending against Defendants has been stayed, and the fact that the outcome of the adversary action is likely to impact the administration of the bankrupt estates, this Court concludes that the interests of judicial economy, uniformity, and fairness would best be served by denying Defendants' Motion to Withdraw the Reference.

**III. CONCLUSION**

The adversary action brought by Plaintiffs is "related to" the pending bankruptcy proceeding and the Bankruptcy Court has jurisdiction to consider the non-core claims.  Since Defendants have failed to show adequate cause for either mandatory or permissive withdrawal of the reference, their Motion to Withdraw the Reference will be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMUNA REAL ESTATE, LLC, <u>et al.</u>** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 06-mc-50** |
| **BAGGA, <u>et al.</u>** | **:** | |

## <u>ORDER</u>

    **AND NOW**, this   22nd   day of January, 2007, upon consideration of Defendants' Motion to Withdraw the Reference (docket no. 1), Plaintiffs' Opposition thereto (docket no. 3), and the Bankruptcy Court's Opinion, it is **ORDERED** that the Motion is **DENIED**.

                            **BY THE COURT:**


                            **_S/ BRUCE W. KAUFFMAN__**
                            **BRUCE W. KAUFFMAN, J.**